## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

ANDREW WEBER,

     Petitioner,

v.                                Case No. 4:25-cv-130-MW-MJF

RICKY D. DIXON,

     Respondent.

_____/

## REPORT AND RECOMMENDATION

Andrew Weber has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. Respondent ("the State") moves to dismiss the petition because it is a mixed petition. Doc. 9. Weber concedes that his petition is a mixed petition, but requests that this proceeding be stayed. Doc. 11. The undersigned recommends that the District Court deny Weber's request for a stay and dismiss the petition without prejudice, unless Weber promptly removes the unexhausted claims.

### I. BACKGROUND AND PROCEDURAL HISTORY

In Leon County Circuit Court Case No. 2017-CF-235, Weber was convicted of three crimes: Manslaughter by Driving Under the Influence (Count 1); Driving Under the Influence Causing Serious Bodily Injury

(Count 2); and Leaving the Scene of a Crash Involving Death (Count 3). Doc. 9-3, Ex. C. On December 20, 2018, the trial court sentenced Weber on Count 1 to the statutory maximum of 15 years of imprisonment, and on Count 2 to time-served. *Id*. On Count 3, the court sentenced Weber to 15 years of imprisonment followed by 10 years on probation, to run concurrent with the sentence on Count 1. *Id*. The Florida First District Court of Appeal ("First DCA") affirmed the judgment on May 13, 2020, per curiam and without opinion. *Weber v. State*, No. 1D18-5326, 295 So. 3d 226 (Fla. 1st DCA May 13, 2020) (Table) (copy at Doc. 9-7, Ex. G).

On November 8, 2021, Weber filed a counseled motion under Florida Rule of Criminal Procedure 3.800(a), to correct his sentence on Count 1 to a term of imprisonment followed by probation long enough to allow Weber to complete a mandatory substance abuse program. Doc. 9-8, Ex. H (citing *State v. Powers*, 316 So. 3d 352 (Fla. 4th DCA 2021)).

The state circuit court granted the motion on July 11, 2022, and ordered a resentencing hearing. *See* Doc. 9-30, Ex. DD at 6. After hearing, the court resentenced Weber on Count 1 to 14 years of imprisonment followed by 1 year on probation. The resentencing judgment was entered on October 5, 2022, *nunc pro tunc* to December 20, 2018. Doc. 9-9, Ex, I

at 7; Doc. 9-30, Ex. DD at 7. The First DCA per curiam affirmed without opinion. *Weber v. State*, No. 1D2022-3209, 383 So. 3d 773 (Fla. 1st DCA Apr. 16, 2024) (Table) (copy at Doc. 9-15, Ex. O). The mandate issued May 3, 2024. *Id.*

On August 18, 2020, Weber filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. Doc. 9-16, Ex. P. The state circuit court denied the motion after an evidentiary hearing during which Weber was assisted by counsel. Doc. 9-18, Ex. R; *see also* Doc. 9-17, Ex. Q (Tr. of Postconviction Evidentiary Hr'g). The First DCA affirmed on September 11, 2024, in a written opinion. *Weber v. State*, 395 So. 3d 1156 (Fla. 1st DCA 2024) (copy at Doc. 9-22, Ex. V).

On November 12, 2024, Weber filed in the Florida Supreme Court a *pro se* Notice to Invoke Discretionary Jurisdiction. Doc. 9-23, Ex. W. Three days later, the Florida Supreme Court dismissed the notice:

> It appearing to the Court that the notice was not timely filed, it is ordered that the cause is hereby dismissed on the Court's own motion, subject to reinstatement if timeliness is established on proper motion filed within fifteen days from the date of this order. *See* Fla. R. App. P. 9.120.

*Weber v. State*, No. SC2024-1620, 2024 WL 4797543 (Fla. Nov. 15, 2024) (copy at Doc. 9-24, Ex. X).

On November 26, 2024, Weber filed another Notice to Invoke Discretionary Jurisdiction accompanied by various documents. Doc. 9-25, Ex. Y. On December 9, 2024, the Florida Supreme Court construed the filing as a Belated Notice to Invoke Discretionary Jurisdiction, and struck the filing with leave to re-file:

> Petitioner's Belated Notice to Invoke Discretionary Jurisdiction does not satisfy any of the provisions of Florida Rule of Appellate Procedure 9.141. The notice is therefore stricken and petitioner is directed to file a proper Petition for Belated Discretionary Review by January 8, 2025. The petition must satisfy all provisions of Rule 9.141, including, if applicable, the oath requirement of subdivision 9.141(c)(5). A copy of rule 9.141 is enclosed for petitioner's information and use in preparing the petition. The failure to file a proper petition with this Court within the time provided could result in the imposition of sanctions, including dismissal of this case. *See* Fla. R. App. P. 9.410.

*Weber v. State*, No. SC2024-1744 (Fla. Dec. 9, 2024) (copy at Doc. 9-26, Ex. Z). On December 30, 2024, Weber filed a Belated Notice to Invoke Discretionary Jurisdiction. Doc. 9-27, Ex. AA. The State filed a response on March 24, 2025. *See* Doc. 9-28, Ex. BB. That proceeding remains pending. *Id.*

On March 14, 2025, Weber filed in the state circuit court a second motion to correct illegal sentence under Fla. R. Crim. P. 3.800(a). Doc. 9-29, Ex. CC. That motion remains pending. Doc. 9-30, Ex. DD.

Weber filed his *pro se* federal habeas petition four days later on March 18, 2025. Doc. 1. The petition raises seven claims. *Id*. Weber concedes that the petition is a mixed petition because Grounds 3 and 7 are unexhausted. Doc. 11 at 2.

The parties agree that Ground 3 was raised in Weber's Rule 3.850 proceeding and is unexhausted because Weber's petition for belated discretionary review remans pending in the Florida Supreme Court (Case No. SC2024-1744). Doc. 9 at 7; Doc. 11 at 2. The parties also agree that Ground 7 was raised in Weber's second Rule 3.800(a) motion and is unexhausted because that motion still is pending in the Leon County Circuit Court. Doc. 9 at 7; Doc. 11 at 2.

Weber requests that his § 2254 petition be stayed pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). Doc. 11 at 2-7. The State's motion to dismiss notes the availability of a stay, but does not brief whether a stay would be warranted in this case. Doc. 9 at 8.

## II. DISCUSSION

### A.  Standards Governing Mixed Petitions and Stays

Ordinarily, a "mixed petition" containing both exhausted and unexhausted claims should be dismissed without prejudice to allow the

petitioner to exhaust state remedies. *Rose v. Lundy*, 455 U.S. 509, 519–20 (1982)). In *Rhines*, the Court recognized that AEDPA "preserved *Lundy*'s total exhaustion requirement, . . . but it also imposed a 1-year statute of limitations on the filing of federal petitions, § 2244(d)." *Rhines*, 544 U.S. at 274. "As a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy*'s dismissal requirement, [some] petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." *Rhines*, 544 U.S. at 275. For example, "if a district court dismisses a mixed petition close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling his petition in federal court before the limitations period runs are slim." *Id.* at 275. For *those* petitioners, district courts are authorized to order a stay and abeyance of a mixed petition, but only "in limited circumstances." *Id.* at 277.

Those "limited circumstances" are when (1) the petitioner had "good cause" for failing to exhaust the claims in state court; (2) the unexhausted claims are "potentially meritorious;" and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at

277-78. After all, "[s]taying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings." *Rhines*, 544 U.S. at 277. A stay "also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Id.* at 277.

**B.**    **Dismissing Weber's Mixed Petition Will Not Unreasonably Impair Weber's Ability to Obtain Federal Review**

Weber's request for a stay makes the bare assertion that "dismissal would force Petitioner to risk expiration of the one-year AEDPA deadline." Doc. 11 at 4. Weber offers no specific explanation why. Weber's habeas petition asserted the contrary—that the petition was "well within the one-year federal filing limit." Doc. 1 at 24.

The record establishes that dismissing Weber's mixed petition will *not* effectively bar Weber from refiling due to the one-year statute of limitations. Regardless of whether the December 20, 2018 judgment—or the October 5, 2022 resentencing judgment—is deemed the relevant judgment for purposes of 28 U.S.C. § 2244(d)(1)(A), Weber has *one full*

*year* from the conclusion of his Rule 3.850 proceeding to re-file for federal habeas relief.[1]

The *earliest* date Weber's Rule 3.850 proceeding could be deemed no longer "pending" under § 2244(d)(2), is October 11, 2024, when the 30-day deadline to timely seek discretionary review of the First DCA's September 11, 2024 opinion expired. In that *worst case* scenario (i.e., if the Florida Supreme Court denies Weber's petition for belated

---

[1] *If Weber's December 20, 2018 judgment were considered the relevant judgment for purposes of § 2244*, then Weber would receive the benefit of the extended 150-day deadline for filing a certiorari petition in the United States Supreme Court. That is because the First DCA's opinion on direct appeal was rendered on May 13, 2020, during the COVID-19 pandemic. *See* Miscellaneous Order Addressing the Extension of Filing Deadlines [COVID-19], 334 F.R.D. 801 (Mar. 19, 2020) ("Miscellaneous Order"). That Miscellaneous Order was in effect from March 19, 2020, until July 19, 2021. *See* Miscellaneous Order Rescinding COVID-19 Related Orders, 338 F.R.D. 801 (July 19, 2021). Thus, the federal limitations period would not start until October 13, 2020 (the 150th day was October 11, 2020 which was a Sunday, and October 12, 2020 was a federal holiday). On that date, Weber's Rule 3.850 motion was pending (having been filed on August 18, 2020), so the limitations period immediately was tolled.

Similarly, *if Weber's October 5, 2022 resentencing judgment were considered the relevant judgment*, then the federal limitations period would not start until July 16, 2024, which is 90 days after the First DCA's per curiam affirmance of that judgment on April 16, 2024. Again, Weber's Rule 3.850 motion filed on August 18, 2020 was pending on that date and, therefore, immediately tolled the limitations period.

discretionary review), Weber's federal limitations period would start on October 12, 2024.

On March 14, 2025, Weber filed another state postconviction motion—his second Rule 3.800(a) motion. That proceeding remains pending and presumably has tolled the limitations period the entire time Weber's mixed § 2254 petition has been pending. Thus, *only five months* of Weber's one-year limitations period has passed.[2] Dismissal of Weber's petition at this juncture will not unreasonably impair Weber's ability to obtain federal review.

## C.    A Stay Is Not Warranted

Weber has not established that a stay under *Rhines* is an appropriate exercise of the District Court's discretion. Weber does not show good cause for filing this habeas action before exhausting his state remedies. Weber remarks that he "reasonably believe[ed] the state court postconviction proceedings would conclude imminently," but that does not square with the facts. Doc. 11 at 3. Weber filed this habeas action on

---

[2] Even assuming the worst—that for some reason Weber's second Rule 3.800(a) motion does not toll the limitations period under 28 U.S.C. § 2244(d)(2)—the fact remains that Weber will have *months* to refile a new § 2254 petition.

March 18, 2025, *a mere four days* after filing his second Rule 3.800(a) motion and a *mere two-and-a-half months* after filing a proper petition for belated supreme court review in his Rule 3.850 appeal. Thus, Weber did not give the state courts reasonable time to rule before rushing to federal court.

Because Weber has not satisfied the first of the three *Rhines* requirements for granting a stay, the District Court need not address the remaining factors.[3] A stay is not justified in the circumstances of this case.

Given that dismissal of Weber's mixed petition will not unreasonably impair his ability to seek federal review, the District Court should dismiss this case without prejudice **unless Weber files within fourteen days of this Report and Recommendation an amended petition removing Grounds Three and Seven**.[4]

---

[3] As to the potential merit of Grounds Three and Seven, if the Florida Supreme Court denies belated discretionary review, then Weber's Ground Three will be procedurally defaulted because Weber will have failed to invoke one complete round of Florida's established appellate review process. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Weber's Ground Seven raises a purely state-law sentencing issue.

[4] The task of removing Grounds Three and Seven, and renumbering Weber's remaining claims, should not take more than a day.

### III.  A CERTIFICATE OF APPEALABILITY IS NOT WARRANTED

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. See 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 580 U.S. 100, 115 (2017). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim,

a COA should issue when the prisoner shows, at least, that jurists of

reason would find it debatable whether the petition states a valid claim

of the denial of a constitutional right *and* that jurists of reason would find

it debatable whether the district court was correct in its procedural

ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added).

Here, Petitioner has not made the requisite demonstration. Accordingly,

the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the

final order, the court may direct the parties to submit arguments on

whether a certificate should issue." 28 U.S.C. § 2254 Rule 11(a).  If there

is an objection to this recommendation, the relevant party shall file such

an objection with the District Court.

## IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully

**RECOMMENDS** that the District Court:

1.    **DENY** Petitioner's request for a stay, Doc. 11.

2.    **GRANT** Respondent's motion to dismiss, Doc. 9, **UNLESS**

Petitioner    files    within    the    **FOURTEEN-DAY    OBJECTION**

**DEADLINE** an amended petition that removes Grounds Three and Seven.

3.     **DENY** a certificate of appealability in the event petitioner fails to timely amend and the District Court enters a final order dismissing this case.

At Pensacola, Florida, this <u>22nd</u> day of July, 2025.

<u>/s/ *Michael J. Frank*</u>
**Michael J. Frank**
**United States Magistrate Judge**

<u>**NOTICE TO THE PARTIES**</u>

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only.**</u> **A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**